**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

**DOMINIQUE EMANUEL TYSON,**

    Defendant.

Case No. 13-40090-01-DDC

**MEMORANDUM AND ORDER**

This matter comes before the court on pro se[1] prisoner Dominique Tyson's Motion for Compassionate Release (Doc. 96). The government has filed a Response (Doc. 99). For reasons explained below, the court dismisses Mr. Tyson's motion.

**I.**    **Background**

On December 8, 2014, Mr. Tyson entered a guilty plea to one count of sex trafficking of children, violating 18 U.S.C. § 1591(a). Doc. 60; Doc. 1 at 1. On July 28, 2015, the court sentenced Mr. Tyson to 168 months' imprisonment followed by 5 years of supervised release. Doc. 86 at 2; Doc. 87 at 2–3.

Mr. Tyson now seeks a sentence modification under the Coronavirus Aid, Relief and Economic Security Act ("CARES Act"), Pub. L. No. 116-136 (enacted March 27, 2020) and the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), because of the COVID-19 pandemic.

---

[1]    Because Mr. Tyson proceeds pro se, the court construes his filings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not assume the role of advocate for a pro se litigant. *Id.*

Doc. 96 at 1. He asks the court "to release [him] early" because he is at "high risk" of contracting the virus in prison. *Id.* at 2.

## II. Analysis

Mr. Tyson's motion invokes both the CARES Act and the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A). The court first addresses Mr. Tyson's request under the CARES Act. Concluding that it lacks jurisdiction under the CARES Act, the court then considers Mr. Tyson's request under the compassionate release statute.

### A. The CARES Act

Before a prisoner's release at the end of his custody sentence, the Director of the Bureau of Prisons ("BOP") may "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c)(2). But the recently-enacted CARES Act expands the BOP's discretion in ordering home confinement. It provides: "the Director of [BOP] may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under . . . [§] 3624(c)(2)." CARES Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (2020).

Mr. Tyson asks the court to "release [him] from prison" under the CARES Act. Doc. 96 at 1. The court construes his motion as one asking the court to modify his custody sentence to home confinement.[2] But the CARES Act authorizes the BOP—not the courts—to expand the use of home confinement. *United States v. Read-Forbes*, No. 12-20099-01-KHV, 2020 WL 1888856, at *5 (D. Kan. Apr. 16, 2020) ("While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the Court lacks

---

[2]  To the extent Mr. Tyson seeks to reduce his sentence, the court lacks authority to grant this request. "'A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization.'" *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997) (quoting *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997)).

jurisdiction to order home detention under this provision." (citation omitted)); *United States v. Boyles*, No. 18-20092-JAR, 2020 WL 1819887, at *2 n.10 (D. Kan. Apr. 10, 2020) (explaining that the CARES Act lengthens the duration that BOP's director may place an inmate in home confinement, and that this procedure is separate from the court's jurisdiction to reduce a sentence under the compassionate release statute, § 3582(c)(1)(A) (citing *United States v. Perry*, No. 18-cr-00480-PAB, 2020 WL 1676773, at *2 n.2 (D. Colo. Apr. 3, 2020)).

In sum, the court lacks jurisdiction to order home confinement under this CARES Act provision. The court thus dismisses Mr. Tyson's request because it lacks jurisdiction to grant relief on that basis. Next, it considers his motion under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A).

### B. Compassionate Release

For reasons explained below, the court also lacks jurisdiction to decide Mr. Tyson's motion under § 3582(c)(1)(A)—the compassionate release provision—because he has failed to exhaust his administrative remedies.

#### 1. Legal Standard

"[I]t is well-settled that '[a] district court is authorized to modify a [d]efendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so.'" *United States v. White*, 765 F.3d 1240, 1244 (10th Cir. 2014) (quoting *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996)). The compassionate release statute, 18 U.S.C. § 3582(c), permits a court to modify a term of imprisonment but only if certain exceptions apply. Previously, these exceptions required the Bureau of Prisons to bring a motion on a defendant's behalf. But in 2018, the First Step Act modified the compassionate release statute, permitting a defendant to bring his own motion for relief. First Step Act of 2018, Pub. L. No. 115-391, § A

603(b)(1), 132 Stat. 5194 (2018).  This amendment authorized a defendant to bring a motion for compassionate release from custody, but only if he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ."  18 U.S.C. § 3582(c)(1)(A).  Unless the defendant meets this exhaustion requirement, the court lacks jurisdiction to modify the sentence or grant relief.  *See United States v. Johnson*, 766 F. App'x 648, 650 (10th Cir. 2019) (noting that without an express statutory authorization, a court lacks jurisdiction to modify a sentence).

Assuming the statutory prerequisites are met, the court may grant relief under 18 U.S.C. § 3582(c)(1)(A) if (i) "extraordinary and compelling reasons" warrant a sentence reduction, or (ii) "the defendant is at least 70 years of age, has served at least 30 years in prison, . . . and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community . . . ."

### 2.  Analysis

Mr. Tyson seeks a sentence modification because of the COVID-19 pandemic.  Doc. 96.  The government contends that the court lacks jurisdiction to consider Mr. Tyson's motion because he had failed to exhaust his administrative remedies as 18 U.S.C. § 3582(c)(1)(A) requires.  Doc. 99 at 5.

The court agrees with the government.  Mr. Tyson has not shown that he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion" on his behalf or that 30 days have elapsed since he submitted an unanswered request for a motion to the warden.  18 U.S.C. § 3582(c)(1)(A); *see also United States v. Bolze*, No. 3:09-CR-93-TAV-DCP-1, 2020 WL 2449782, at *2 (E.D. Tenn. May 12, 2020) (noting the court cannot

modify a term of imprisonment unless defendant has "'fully exhausted all administrative rights' *or* allowed 'the lapse of 30 days' from an unanswered request to the warden" (emphasis added)). Mr. Tyson's motion provides no information or allegations suggesting that he requested the warden grant him compassionate release. *Boyles*, 2020 WL 1819887, at *2. Instead, he asserts, "it would take far longer" to exhaust his administrative remedies "th[a]n it would [for] the court . . . to grant [him] relief." Doc. 96 at 1. And perhaps it might. But without a showing that Mr. Tyson has exhausted his administrative remedies—*i.e.*, that either he asked the warden for compassionate release and exhausted the administrative appeal process, or that more than 30 days have passed since he submitted his unanswered request to the warden—the court lacks jurisdiction to decide Mr. Tyson's motion under § 3582(c)(1)(A). *Boyles*, 2020 WL 1819887, at *2 (holding that a district court is without statutory authority to consider a motion for compassionate release when a defendant has failed to properly exhaust administrative remedies); *see also United States v. Raia*, 954 F.3d 594 (3d Cir. 2020) (holding that defendant's failure to exhaust administrative remedies "present[ed] a glaring roadblock foreclosing compassionate release" under § 3582(c)(1)(A)).

The court thus dismisses Mr. Tyson's motion (Doc. 96) for lack of jurisdiction. *See Johnson*, 766 F. App'x at 651 (noting that when a court lacked statutory authority to modify a sentence, it "should have dismissed the motion for lack of jurisdiction"); *see also White*, 765 F.3d at 1250 (holding that "dismissal for lack of jurisdiction rather than denial on the merits is the appropriate disposition of" a § 3582 motion where defendant failed to meet a statutory exception).

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Tyson's Motion for Compassionate Release (Doc. 96) is dismissed for lack of jurisdiction.

**IT IS SO ORDERED.**

**Dated this 1st day of June, 2020, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
